E-FILED
Monday, 01 October, 2012 04:15:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANNAMARIE LAST NAME UNCERTAIN, ) )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELECTORS FOR THE STATE, et al., )<br>)<br>Defendants. ) | Case No. 12-1373 |

## ORDER

Before the Court is Plaintiff, Annamarie Last Name Uncertain's[1], Complaint and Motion for Leave to Proceed In Forma Pauperis. For the reasons set forth below, this Motion [2] is DENIED, and the matter is DISMISSED.

## DISCUSSION

Title 28 U.S.C. § 1915 allows any person to commence a civil action without the prepayment of fees if the person is unable to pay those fees. 28 U.S.C. § 1915(a)(1). Plaintiff submitted an Application to Proceed without Prepayment of Fees and Affidavit. However, regardless of indigency, the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A lawsuit is not frivolous unless the plaintiff "can make

---

[1] In her pleadings, Plaintiff indicates that her first name is Annamarie and that her last name is uncertain.

no rational argument in law or fact to support [his] claims for relief." Corgain v. Miller, 708 F.2d 1241, 1247 (7th Cir. 1983).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The Supreme Court has also clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 - 1965 (2007).

Even with the most liberal reading of the complaint, the 53-page pleading includes no asserted basis for her claim, much less any factual assertions from which the Court could infer that she may be entitled to relief. Plaintiff purports to sue the Electors of the State of Illinois on behalf of herself and 649 other residents of central Florida. The basis of her complaint is unclear, as it jumps from rambling references to plaintiffs who were in cases in which the evidence of a fraudulent psychiatrist was relied on to a challenge to President Obama's citizenship. No defendant could reasonably discern the basis for her cause against it. Thus, her Complaint fails to comply with the minimal pleading requirements set forth in Rule 8(a).

The Court finds that Plaintiff's Complaint is frivolous, fails to state a legal claim over which this Court would have proper jurisdiction, and fails to even minimally comply with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, because the Court

can discern no arguably cognizable claims from the pleadings, the Court must dismiss the Complaint.

### CONCLUSION

For the reasons set forth herein, the Motion for Leave to Proceed In Forma Pauperis [2] is DENIED, and the Complaint is DISMISSED for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure. This matter is terminated.

ENTERED this 1st day of October, 2012.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge